In the Matter of the Claim of FAY DAVIS, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed that portion of the decision of a referee overruling the initial determination of the industrial commissioner that claimant willfully made a false statement to obtain unemployment insurance benefits. Claimant usually worked Saturdays and Sundays only. She reported to the local unemployment insurance office on May 18, 1953, and reported that she had worked on Sunday, May 17, 1953, and had earned $10 for that work. As a matter of fact she did not work on that day, but had called her employer's place of business on that morning and stated that she was sick. Claimant states that she had no ulterior motive in making this false statement because by so doing she was disqualifying herself for benefits for that day. She was afraid that if she stated that she was sick and did not work it would involve obtaining a doctor's certificate and other complications. The Unemployment Insurance Law (Labor Law, § 594), provides: " A claimant who has wilfully made a false statement or representation to obtain any benefit under the provisions of this article shall forfeit ". The forfeiture imposed by the industrial commissioner in this case was for twenty-four effective days. Something more is required by the statute than a willful false statement. It must be made " to obtain any benefits ". Certainly the false statement here was not made to obtain any cash benefit, and we do not think the record discloses that it was made to obtain any benefit. It was really made to disqualify her from benefits for the day involved. We do not think that the false statement was made for the purpose which the statute requires, or comes within the spirit or intent of the statute necessary to work forfeiture. We do not hold that the false statement must be made to obtain a cash benefit, and we certainly do not condone making any false statement at all, but upon this particular record we do not think that a forfeiture was authorized. Decision of the Unemployment Insurance Appeal Board affirmed, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.